Dennis Washington, Appellant, *v.* Unemployment Compensation Board of Review of The Commonwealth of Pennsylvania, Appellee.

Argued May 7, 1976, before President Judge Bowman and Judges Mencer and Rogers, sitting as a panel of three.

*Alton P. Arnold, Jr.,* for appellant.

*Sandra S. Christianson,* Assistant Attorney General, with her *Daniel R. Schuckers,* Assistant Attorney General, *Sydney Reuben,* Assistant Attorney General, *Robert P. Kane,* Attorney General, for appellee.

Opinion by President Judge Bowman, June 11, 1976:

This is an appeal by Dennis Washington from an order of the Unemployment Compensation Board of Review, dated October 17, 1975, in which the Board affirmed a referee's denial of benefits to Washington. The only issue is whether the Board's finding that Washington had committed a defalcation of monies from coin telephones was supported by substantial evidence. We affirm.

Washington was employed by the Bell Telephone Company as a coin collector. His duties included making the rounds of various public telephones and collecting the money paid by callers using those phones. Because it had been experiencing apparent shortages in the monies returned from some of its phones, the employer's security representatives placed a certain sum of money into various telephones, one of which was on Washington's route. When Washington failed to account for the amount due from this phone, he was confronted by the employer's representatives, who obtained from Washington a written statement admitting the defalcation. He was subsequently discharged, and benefits were denied because of a discharge for willful misconduct under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

Washington argues that the only evidence supporting the Board's findings is the written statement which he alleges was made under duress. The Board's adjudication specifically recites that this statement was *not* considered by the Board in its weighing of the evidence.

There is considerable evidence supporting the Board's findings independent of the written statement. The employer's representative testified une-

quivocally that the security test measure used in Washington's case indicated that he took monies from a telephone. In his "Summary of Interview" form (required by the Bureau of Employment Security) Washington gave the reason for his dismissal as "misconduct". When asked if he agreed with this reason, Washington responded "yes".[1] Apart from the written statement, this record certainly contains sufficient evidence to support the Board's findings.

Accordingly, we

ORDER

AND Now, this 11th day of June, 1976, the order of the Unemployment Compensation Board of Review in the above-captioned matter, dated October 17, 1975, is affirmed.

Judge KRAMER did not participate in the decision in this case.

---

[1] These responses were written in Washington's own hand, and the form was introduced into evidence.